UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| SAZERAC BRANDS, LLC, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PERISTYLE, LLC, *et al.* )<br>)<br>)<br>Defendants. ) | CIVIL ACTION NO. 3:15-cv-00076-GFVT |

**CASTLE & KEY'S MOTION TO COMPEL PLAINTIFFS
TO PAY EXPERT EXPENSES AND MEMORANDUM IN SUPPORT**

Pursuant to Fed. R. Civ. P. 26(b)(4)(E) and Fed. R. Civ. P. 37, defendants Peristyle, LLC (d/b/a Castle & Key Distillery) and Peristyle Holdings, LLC (collectively, "Castle & Key") request that the Court compel plaintiffs Sazerac Brands, LLC and Sazerac Co., Inc. to reimburse Castle & Key for expenses it incurred in connection with the depositions of its experts.

**I.      FACTUAL BACKGROUND**

On January 2, 2017, plaintiffs contacted Castle & Key seeking dates on which its experts, Scott Clark, Aron Levin, Wayne Stratton, and Michael Veach, would be available for deposition. Castle & Key responded the next day and provided information regarding its experts' availability. Castle & Key also reminded plaintiffs about their obligation to pay each expert a reasonable fee under Rule 26(b)(4)(E) and provided information regarding the hourly rates charged by each of its experts. *See* Ex. A (Correspondence from M. Whitehead to M. Mortorano, Jan. 3, 2017). On January 4, 2017, plaintiffs served deposition notices on Castle & Key, setting the depositions of Castle & Key's experts for January 17-20, 2017, and the depositions went forward as noticed.

After receiving invoices from its experts related to their deposition expenses, Castle & Key contacted plaintiffs on February 9, 2017, reminding plaintiffs of their obligations under Rule 26(b)(4)(E) and specifying the expenses associated with the expert depositions noticed by plaintiffs. *See* Ex. B (Correspondence from M. Whitehead to M. Klisch, Feb. 9, 2017). Specifically, Castle & Key asked plaintiffs to pay $6,398.00, as detailed in the invoices attached to that correspondence. *Id.* These expenses included the actual time Castle & Key's experts spent attending their depositions, as well as limited travel expenses. *Id.* Plaintiffs did not respond to that email. Accordingly, Castle & Key renewed its request on March 16, 2017. *See* Ex. C (Correspondence from M. Whitehead to M. Klisch, Mar. 16, 2017).

On March 17, 2017, plaintiffs responded for the first time, stating their refusal to pay these expenses, and claiming that the request was premature and that the parties should wait until judgment had been entered, in connection with offsetting fees and costs. *See* Ex. D (Correspondence from M. Mortorano to M. Whitehead, Mar. 17, 2017). Although that position is not supported by Rule 26, the case cited by plaintiffs in that correspondence, or other authority identified by Castle & Key, Castle & Key refrained from raising the issue again until after judgment was entered in its favor. On August 1, 2017, Castle & Key again renewed its request to plaintiffs that they reimburse Castle & Key for expenses related to the depositions of its experts. *See* Ex. E (Correspondence from M. Whitehead to M. Klisch, Aug. 1, 2017). Despite requesting payment within 5 business days (which expired on August 8, 2017), plaintiffs have again not responded or complied with their payment obligation under Rule 26(b)(4)(E). Accordingly, Castle & Key has no choice but to file this Motion to Compel.

## II.      DISCUSSION

Because Rule 26(b)(4)(E) clearly requires a party seeking discovery from an expert—including the deposition of an expert—to pay the expert a reasonable fee for the time spent responding to that discovery and because plaintiffs have refused to provide this compensation to Castle & Key's experts, plaintiffs should be compelled to pay these expenses, as well as Castle & Key's attorneys' fees and expenses in filing this Motion to Compel.

### A.      Plaintiffs Must Reimburse Castle & Key For Expenses Related To Expert Depositions.

Rule 26(b)(4)(E) provides that "unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." This Rule applies to parties who seek to depose an opponent's expert. *Pogue v. Nw. Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS-CHL, 2016 U.S. Dist. LEXIS 70987, at *16 (W.D. Ky. May 31, 2016) ("[A] party seeking to depose an opponent's expert witness is responsible for paying him or her a 'reasonable fee.'"). Plaintiffs sought and took the depositions of Castle & Key's experts. Indeed, plaintiffs moved to extend the summary judgment deadline so that it could have time to depose Castle & Key's experts, even though Castle & Key indicated that expert depositions were not necessary in this case, and Castle & Key did not take the depositions of plaintiffs' experts. *See* Expedited Mot. to Clarify Expert Dep. Deadlines and Extend Summ. J. Deadline, R. 93; Resp. to Expedited Mot. to Clarify Expert Dep. Deadlines and Extend Summ. J. Deadline, R. 97, at 9.

Because plaintiffs noticed and took the depositions of Castle & Key's experts, they must pay a reasonable fee for taking those depositions. *See* Rule 26(b)(4)(E); *Pogue*, 2016 U.S. Dist. LEXIS 70987, at *16. The amount that Castle & Key has requested is reasonable and was provided to plaintiffs in advance of the depositions of these experts. *See* Ex. A (Correspondence

3

from M. Whitehead to M. Mortorano, Jan. 3, 2017). Specifically, Castle & Key seeks payment as follows:

| Expert | Hourly Rate | Total Time | Total Fee |
|---|---|---|---|
| Scott Clark | $200.00 | 3.5 | $700.00 |
| Aron Levin | $350.00 | 10 | $3,873.00[1] |
| Wayne Stratton | $250.00 | 5.5 | $1,375.00 |
| Michael Veach | $150.00 | 3 | $450.00 |
| TOTAL | | | $6,398.00 |

The amount requested is reasonable. Other district courts in the Sixth Circuit have recognized that "[a]n expert's regular hourly rate for professional services is presumptively a reasonable hourly rate for deposition." *Barrett v. Nextel Communs., Inc.*, No. 04-CV-74556-DT, 2006 U.S. Dist. LEXIS 10262, at *6 (E.D. Mich. Feb. 16, 2006) (applying an earlier version of the Rules and referring to Rule 26(b)(4)(C), which is substantially similar to the current Rule 26(b)(4)(E)). Each of these experts charged their regular hourly rate. *See* Ex. F (Compilation of excerpts from reports of Mr. Clark and Dr. Levin reflecting usual hourly rate); Ex. G (Excerpt of Veach Dep.) at 90:16-18; Ex. H (Excerpt of Stratton Dep.) at 29:14-16. Additionally, Castle & Key's limited request for reimbursement of travel time and travel expenses is reasonable. *See El Camino Res., Ltd. v. Huntington Nat'l Bank*, No. 1:07-cv-598, 2012 U.S. Dist. LEXIS 147601, at *10 (W.D. Mich. Sep. 18, 2012) ("Time reasonably spent traveling to and from a deposition is generally compensable under Rule 26."); *New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 472 (W.D.N.Y. 2002). Moreover, plaintiffs never objected to these rates or expenses as unreasonable.

---

[1] The total compensation sought for Dr. Levin includes four hours of travel time from Cincinnati, Ohio to Louisville, Kentucky, mileage expenses, one night in a hotel, one meal, and overnight parking.

Further demonstrating the reasonableness of the fees requested, Castle & Key has not requested reimbursement for time the experts spent preparing for the depositions, although it would be entitled to such compensation. *See El Camino Res.*, 2012 U.S. Dist. LEXIS 147601, at \*14 (finding a 3-to-1 ratio between hours spent preparing for deposition to hours spent in deposition to be reasonable); *Barrett*, 2006 U.S. Dist. LEXIS 10262, at \*6 (requiring compensation for some preparation time); *Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 43 (D. Conn. 2007) (concluding it was reasonable under prior version of Rule 26 to compensate experts for preparation time). Accordingly, there is no dispute that Castle & Key's request for compensation is reasonable and clearly permitted under Rule 26(b)(4)(E).

Moreover, Castle & Key's request was timely when it was originally made in February 2017. *See, e.g.*, *Pogue*, 2016 U.S. Dist. LEXIS 71163, at \*35 (requiring payment for initial five hours of deposition, even though remainder of deposition was continued for a later date); *Alvarado v. Oakland Cty.*, No. 09-14312, 2011 U.S. Dist. LEXIS 7273, at \*5 (E.D. Mich. Jan. 26, 2011) (deciding what a reasonable fee would be prior to deposition of expert); *El Camino Res.*, 2012 U.S. Dist. LEXIS 147601, at \*3 (acknowledging that seeking payment of expert fees under Rule 26(b)(4)(E) within a bill of costs is technically improper, although harmless). Even the case cited by plaintiffs in their correspondence with Castle & Key acknowledges that payment of expert expenses under Rule 26(b)(4)(E) is separate from taxing costs under Rule 54(d). *Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.*, 873 F. Supp. 2d 939, 951-54 (N.D. Ill. 2012) (permitting the losing party to seek payment of expert expenses under Rule 26(b)(4)(E) after judgment had been entered, but acknowledging that no other district court in the Seventh Circuit had permitted such fees to a losing party after judgment had been entered). Regardless,

5

Castle & Key has done exactly what plaintiffs requested: waited until judgment was entered in its favor to seek these expenses.

> **B.  Plaintiffs Should Be Ordered To Compensate Castle & Key For Its Expenses Associated With This Motion Under Rule 37.**

In addition, Castle & Key should also be awarded attorneys' fees and costs associated with filing this Motion to Compel. *See* Fed. R. Civ. P. 37(a)(5). Castle & Key has requested that plaintiffs pay these expert expenses multiple times since plaintiffs first noticed the depositions. *See* Exs. A, B, C, and E. Plaintiffs have either not responded to these requests or insisted—wrongly—that Castle & Key's request was made too early. Plaintiffs' refusal to comply with this clear rule left Castle & Key with no choice but to expend unnecessary time and expense related to this Motion to Compel. Accordingly, Castle & Key should be reimbursed for its attorneys' fees and expenses incurred in connection with this Motion to Compel. *See, e.g., Adkinson v. P&G Co.*, No. 1:10-cv-85, 2011 U.S. Dist. LEXIS 122870, at *11 (S.D. Ohio Oct. 21, 2011) (awarding attorneys' fees and expenses related to a motion to compel payment of expert expenses).

### III.  CONCLUSION

For the foregoing reasons, Castle & Key respectfully requests that the Court grant its Motion to Compel Plaintiffs to Pay Expert Expenses and award Castle & Key attorneys' fees and costs associated with this Motion to Compel.

Respectfully submitted,

TACHAU MEEK PLC
Brian F. Haara
Melissa Mahurin Whitehead

s/ Melissa M. Whitehead
101 South Fifth Street, Suite 3600
PNC Tower
Louisville, KY  40202-3120
Telephone:  (502) 238-9900
Facsimile:   (502) 238-9910
bhaara@tachaulaw.com
mwhitehead@tachaulaw.com

Christopher T. Smedley
Todd E. Stockwell
Jeremy I. Maynard
Stockwell & Smedley, PSC
861 Corporate Drive, Suite 200
Lexington, KY  40503
Telephone:  (859) 223-3400
Facsimile:   (859) 224-1399
ctsmedley@stockwell.us
testockwell@stockwell-law.com
jimaynard@stockwell.us

*Counsel for Peristyle, LLC and Peristyle Holdings, LLC*

## LR 37.1 CERTIFICATE OF COUNSEL

I, Melissa Mahurin Whitehead, certify that I conferred by e-mail with counsel for plaintiffs regarding the dispute at issue in this Motion to Compel in March 2017. At that time, we were unable to reconcile our differences. I attempted to confer with counsel for plaintiffs again by email in August 2017, and have not received a response from plaintiffs. I have otherwise exhausted all extrajudicial means in an effort to reconcile my differences with opposing counsel.

s/ Melissa M. Whitehead
Melissa Mahurin Whitehead

## CERTIFICATE OF SERVICE

I certify that on August 11, 2017, I electronically filed this Motion to Compel Plaintiffs to Pay Expert Expenses with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Scott P. Zoppoth | Michael J. Klisch |
| Bradley S. Zoppoth | Brendan J. Hughes |
| The Zoppoth Law Firm | Vincent J. Bandolato |
| 635 West Main Street, Suite 400 | Shane M. Rumbaugh |
| Louisville, KY  40202 | Joshua M. Siegel |
| *Counsel for Sazerac Brands, LLC and Sazerac Company, Inc.* | Jane L. van Benten |
| | Cooley LLP |
| | 1299 Pennsylvania Avenue, NW, Suite 700 |
| | Washington, DC  20004-2400 |
| | *Counsel for Sazerac Brands, LLC and Sazerac Company, Inc.* |
| Christopher T. Smedley | |
| Todd E. Stockwell | |
| Jeremy I. Maynard | |
| Stockwell & Smedley, PSC | |
| 861 Corporate Drive, Suite 200 | |
| Lexington, KY  40503 | |
| *Co-counsel for Peristyle, LLC and Peristyle Holdings, LLC* | |

s/ Melissa M. Whitehead
*Co-counsel for Peristyle, LLC and Peristyle Holdings, LLC*

8